

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. B. Virgil Crawford
County Attorney
Terry County
Brownfield, Texas

Dear Mr. Crawford:

Opinion No. O-4849

Re: Whether or not the stock election law voted in Terry County on January, 24, 1925, is valid, and, further, whether or not Terry County may order and hold another such election, under Article 6954 Revised Civil Statutes of Texas.

We beg to acknowledge receipt of your letter asking for a legal opinion from this Department, the same being as follows:

"* * *

"First: Is Terry County authorized to hold an election under art. 6954 regarding horses, mules etc.? I find that under the act of 1909 and 1911 or old art. 7235 Terry County was included, but in the revision of 1917 and subsequent revisions Terry County was not included. If the annotation be correct under article 7235 of Vernon's Texas Civil and Criminal Statutes 1918 sup., then Terry County will probably be able to hold such election.

"Second: Terry County held an election on the above on January 24, 1925. The election was ordered Dec. 8, 1924 and notice thereof published from Dec. 12 to Jan. 12 of 1925. Such notice was published for 30 days before the election but not next preceding same. I have noticed opinion of Ct. of Cr. App. in 44 S. W. 2nd. 739 which holds an election void in Harris county where notice was similar. I have likewise read earlier decisions of Sup. Ct. and Cts. of Civ. App. which seem to think that in special elections such provisions as to notices etc. are to be substantially complied with. Is our election void because of notice as above? Also I find that at said election

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the canvass was made in due time, the votes counted and tabulated and the Co. Judge marked on the vote tabulation sheet the words; 'Election ordered carried,' Signed County Judge. I do not find in the papers or minutes any proclamation the Co. Judge ever made or any evidence that a proclamation was ever posted at the Courthouse door for 30 days. Now, under art. 6961 would we have a prima facie case and a valid election even though we cannot find the proclamation or record of its having been posted?

"* * * ."

1. Terry County is not authorized to hold an election, under Article 6954, of the Revised Civil Statutes of Texas, since the county is not enmmerated in the counties therein named as beneficiaries of the chapter.

2. Under the holding of the Court of Criminal Appeals, in Cunningham v. State, 44 S. W. (2) 739, cited by you, it is our opinion that the election ordered in Terry County on December 8, 1924, is void.

The opinion just mentioned construed Article 6959, Revised Civil Statutes, 1925, in respect to the character and extent of published notice, the statute being:

"The County Judge shall issue an order for such election and cause public notices thereof to be given for at least thirty days before the day of election, by publication of the order therefor in some newspaper published in the county, if there be one."

The statute is unchanged.

The notice which was held to be insufficient was published in a daily paper in the city of Houston once a week for four successive weeks, beginning on Tuesday, April 22, 1930, and ending on Tuesday, May 13, 1930, the period between the first and last publication being twenty-two days. The election was held in Harris County on Saturday, May 24, 1930. The court said:

> "The fact that the great majority of counties in this State have no daily paper would indicate that it was not the intention of the Legislature to require publication in a daily paper. A weekly paper, in our opinion, would answer the requirement of the statute, but the publication must continue in each successive issue of the paper during at least thirty days before the day of election."

The prosecution was dismissed.

Concerning the election held in Terry County, you say:

> "Terry County held an election on the above on January 24, 1925. The election was ordered December 8, 1924, and notice thereof published from December 12 to January 12 of 1925. Such notice was published for thirty days before the election but not next preceding same."

We think these facts bring your election within the holding of the Court of Criminal Appeals.

3. You could not make a prima facie case for the election of January 24, 1925, if the minutes of the Commissioners' Court spoke the truth, because, as we have shown, the notice was not regularly published and for the further reason no order showing the result of such election has ever been recorded in the minutes of the Commissioners' court, as required by Article 8961, of the Revised Civil Statutes, the law being the same then as now.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Assistant

OS-MR

APPROVED SEP 24, 1942
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN